# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BONNIE G. WALLER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1379** (BOR Appeal No. 2047154)
                     (Claim No. 2010111584)

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bonnie G. Waller, by Reginald D. Henry and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Community Hospital Association, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed an April 23, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 26, 2010, decision granting Ms. Waller a 10% permanent partial disability award. The Office of Judges granted Ms. Waller a 13% award for her right shoulder and cervical spine injuries. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Waller worked as a registered nurse for Princeton Community Hospital Association, Inc. On October 16, 2009, Ms. Waller injured her right shoulder and neck when she caught a falling patient. The claims administrator held her injury compensable for a shoulder and cervical strain. Joseph Grady II, M.D., performed an independent medical evaluation on Ms. Waller and found that she had 5% whole person impairment for her cervical range of motion deficits. He

1

also found that she had 5% whole person impairment for her shoulder range of motion deficits. He combined these ratings for a 10% whole person impairment rating. On August 26, 2010, the claims administrator granted Ms. Waller a 10% permanent partial disability award based on Dr. Grady's report. Robert Walker, M.D., then evaluated Ms. Waller and found that she had 21% whole person impairment for her cervical spine under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Walker placed Ms. Waller's cervical injuries in Cervical Category III of West Virginia Code of State Rules § 85-20-E (2006) because he believed she had significant radiculopathy and a cervical herniated disc. Based on this finding, he adjusted her cervical impairment to 18% whole person impairment. Dr. Walker also found 15% whole person impairment for range of motion restrictions of her shoulder, which he combined with her cervical impairment for a 30% whole person impairment rating. Michael Kominsky, D.C., also evaluated Ms. Waller. He diagnosed her with a cervical herniated disc and found that she had 18% whole person impairment under the American Medical Association *Guides* and Cervical Category III of West Virginia Code of State Rules § 85-20-E. Dr. Kominsky also found that she had 12% impairment for her right shoulder for a combined 28% whole person impairment rating. A. E. Landis, M.D., then evaluated Ms. Waller. He found that she had 8% whole person impairment under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-E. Dr. Landis found that Ms. Waller had 5% impairment related to her shoulder sprain for a combined 13% whole person impairment rating. On April 23, 2012, the Office of Judges reversed the claims administrator's decision and granted Ms. Waller a 13% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on October 22, 2012, leading Ms. Waller to appeal.

The Office of Judges concluded that Ms. Waller had combined 13% whole person impairment attributable to her compensable injuries, which included 5% whole person impairment for the right shoulder and 8% whole person impairment for the cervical spine. The Office of Judges adopted Dr. Landis's impairment recommendation for Ms. Waller's cervical and shoulder injuries. The Office of Judges considered the impairment ratings of Dr. Walker and Dr. Kominsky. It found that neither impairment rating could be used. The Office of Judges determined that both evaluations included impairment ratings for cervical herniated disc, which was not a compensable condition of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Waller argues that she is entitled to at least a 12% permanent partial disability award for her shoulder injury based on Dr. Kominsky's evaluation. Ms. Waller asserts that the Office of Judges was silent with respect to Dr. Walker's and Dr. Kominsky's impairment rating for her shoulder.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The Office of Judges was within its discretion in relying on Dr. Landis's independent medical evaluation for both Ms. Waller's right shoulder and cervical impairment ratings. Dr. Landis properly applied the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-E. There is no evidence in the record undermining the credibility of Dr. Landis's recommendation. Dr. Walker's and Dr. Kominsky's recommendations included an impairment rating for cervical herniated disc, which was not a compensable condition. The

inclusion sufficiently detracted from the credibility of each report that the Office of Judges was justified in not relying on either doctor's shoulder impairment recommendations.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II